## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-CA-00868-SCT

*IN THE INTEREST OF D.G., A MINOR*


DATE OF JUDGMENT:                     06/20/2024
TRIAL JUDGE:                          HON. STACIE ELIZABETH ZORN
TRIAL COURT ATTORNEYS:      MICHAEL WILSON BRELAND
                                        NESHONDRIA DEQUANDRA ELLERBY
COURT FROM WHICH APPEALED:  JACKSON COUNTY YOUTH COURT
ATTORNEY FOR APPELLANT:     NESHONDRIA DEQUANDRA ELLERBY
ATTORNEY FOR APPELLEE:      MICHAEL WILSON BRELAND
NATURE OF THE CASE:           CIVIL - JUVENILE JUSTICE
DISPOSITION:                          APPEAL DISMISSED - 03/19/2026
MOTION FOR REHEARING FILED:


**EN BANC.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     D.G.[1] appeals a restitution order entered by the youth court finding him liable for damages to Dollar General from an attempted burglary. He argues that the State failed to prove the essential element of an overt act for the underlying crime and failed to provide evidence to justify the restitution ordered. A restitution order, however, is not a final, appealable order, thus this Court lacks jurisdiction. As such, this Court dismisses the appeal.

### FACTS AND PROCEDURAL HISTORY

¶2.     On December 4, 2023, the Jackson County Youth Court Prosecutor filed a petition against D.G., alleging him to be a delinquent child in need of supervision. The petition

---

[1]Initials are used to protect the minor's identity.

alleged that on November 27, 2023, D.G. committed one count of burglary at Kreol Elementary School in violation of Mississippi Code Section 97-17-33(1) (Rev. 2020) and two counts of attempted burglary at Dollar General and Family Dollar in violation of Section 97-17-33(1) and Mississippi Code Section 97-1-7 (Rev. 2020). On December 29, 2023, D.G. willingly admitted the three charges.

¶3.     On February 15, 2024, D.G. appeared at an adjudication hearing where he again admitted the three charges. The court questioned him about the series of events. D.G. admitted having broken into Kreol Elementary with two other people, but he failed to recall what took place inside. When asked about the attempted burglary at Dollar General, D.G. stated that he was "playing on the carts" and did not know who had attempted to break in.

¶4.     At the subsequent disposition hearing, the court found that D.G. appeared to lack the mental capacity to understand the nature of the charges or consequences. Concerned with his ability to comply with formal probation, the court placed him on "informal probation" in which disposition was withheld for nine months contingent on good behavior and continuing mental-health treatment.

¶5.     On May 7, 2024, the court held a restitution hearing for D.G. and the other two minors who had accompanied him during the burglary and attempted burglaries.[2] Kelly Helton, the district manager for Dollar General, appeared before the court requesting restitution. The other two victims, Kreol Elementary and Family Dollar, did not request restitution. Helton testified that damages were incurred to the glass and pane at the front of the Dollar General.

---

[2]The other two minors, L.L. and R.H, each have individual cases pending in this Court.

The invoice to repair the damages totaled $1,443.25. Helton claimed that the insurance company denied payment for the repairs, so it was paid out of the store fund. Corporate officials for Dollar General refused to authorize Helton to accept community service in lieu of payment. The court accordingly found that D.G. and the other two minors should each pay one-third of the total damages. The court entered an order finding D.G. and his mother, Diane Liddell, jointly and severally liable for $481.08 in restitution.

## STANDARD OF REVIEW

¶6.     This Court's standard of review in youth court proceedings is limited. ***In re Int. of S.A.M.***, 826 So. 2d 1266, 1274 (Miss. 2002) (citing ***In re Int. of S.B. v. State***, 566 So. 2d 1276, 1278 (Miss.1990)). "This Court considers all the evidence in the light most favorable to the State." ***R.W. v. Miss. Dep't of Child Prot. Servs.***, 395 So. 3d 63, 68 (Miss. 2024) (citing ***In re Int. of C.R.***, 604 So. 2d 1079, 1083 (Miss. 1992)). If the evidence in the record supports the decision reached by the youth court, then this court must affirm the judgment. ***In re Int. of D.O.***, 798 So. 2d 417, 421 (Miss. 2001) (citing ***In re Int. of M.R.L.***, 488 So. 2d 788, 790, 791 (Miss. 1986)). But, if reasonable minds could not have found as the youth court did, then this Court must reverse. ***In re Int. of S.A.M.***, 826 So. 2d at 1274 (citing ***In re Int. of S.B.***, 566 So. 2d at 1278). When reviewing youth-court cases, this Court reviews any questions of law *de novo*. ***R.P. v. State (In re Int. of J.P.)***, 151 So. 3d 204, 208 (Miss. 2014).

## DISCUSSION

¶7.     On appeal, D.G. argues (1) the State failed to prove an essential element of an overt

act necessary for the underlying counts of attempted burglary thereby voiding the adjudication, disposition, and restitution orders, and (2) the State failed to offer evidence to prove restitution as required by Mississippi Code Section 43-21-619(2) (Rev. 2023) and Mississippi Code Section 99-37-23 (Rev. 2020) thereby voiding the restitution claim. The State responds by arguing that the appeal was not timely filed. Alternatively, the State claims that D.G. received proper notice of the offense for which he was charged, and the youth properly awarded restitution.

¶8. This Court finds that D.G.'s appeal was timely filed, but regardless, this Court lacks jurisdiction to hear the appeal. Neither party addresses Mississippi Code Section 43-21-651 (Supp. 2025), which states in part:

> (1)(a) The court to which appeals may be taken from *final orders or decrees* of the youth court shall be the Supreme Court of Mississippi pursuant to the Rules of Appellate Procedure. *Final Orders in youth court include orders that* grant durable legal custody or durable legal relative guardianship, transfer jurisdiction over the minor child to another court, such as for an adoption, or *otherwise terminate the jurisdiction of the youth court over the minor child.* Any matters adjudicated by the youth court through *interim orders* such as adjudication/disposition orders, or permanency review orders, *may be only appealed through the interlocutory appeal process* provided by the Rules of Appellate Procedure.

Miss. Code Ann. § 43-21-651(1)(a) (Supp. 2025) (emphasis added).[3]

¶9. A restitution order does not terminate the youth court's jurisdiction over the minor child. *See* § 43-21-651(1)(a). Here, the youth court will continue to monitor D.G. to ensure that he demonstrates good behavior and continues mental-health treatment. As such, the

---

[3]Section 43-21-651 was amended effective July 1, 2024, before this appeal was perfected.

youth court continues to maintain jurisdiction over D.G.

¶10.   Because the restitution order did not terminate the youth court's jurisdiction over D.G., it is not a final order under Section 43-21-651(1)(a).  Thus, D.G. should have sought interlocutory review of the restitution order rather than a direct appeal. As the restitution order is not a final order, this Court lacks jurisdiction to consider the appeal, and the appeal is dismissed.

## CONCLUSION

¶11.   The restitution order from which D.G. appeals is not a final, appealable order under Section 43-21-651(1)(a).  Thus, this Court lacks jurisdiction and dismisses the appeal.

¶12.   **APPEAL DISMISSED.**

**RANDOLPH, C.J., COLEMAN, P.J., GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR. KING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**